Justice KAGAN, dissenting.
I find United States v. Monsanto, 491 U.S. 600, 109 S.Ct. 2657, 105 L.Ed.2d 512 (1989), a troubling decision. It is one thing to hold, as this Court did in Caplin & Drysdale, Chartered v. United States, 491 U.S. 617, 109 S.Ct. 2667, 105 L.Ed.2d 528 (1989), that a convicted felon has no Sixth Amendment right to pay his lawyer with funds adjudged forfeitable. Following conviction, such assets belong to the Government, and "[t]here is no constitutional principle that gives one person the right to give another's property to a third party." Id., at 628, 109 S.Ct. 2667. But it is quite another thing to say that the Government may, prior to trial, freeze assets that a defendant needs to hire an attorney, based on nothing more than "probable cause to believe that the property will ultimately be proved forfeitable." Monsanto, 491 U.S., at 615, 109 S.Ct. 2657. At that time, "the presumption of innocence still applies," and the Government's interest in the assets is wholly contingent on future judgments of conviction and forfeiture. Kaley v. United States, 571 U.S. ----, ----, 134 S.Ct. 1090, 1096-1097, 188 L.Ed.2d 46 (2014). I am not altogether convinced that, in this decidedly different circumstance, the Government's interest in recovering the proceeds of crime ought to trump the defendant's (often highly consequential) right to retain counsel of choice.
But the correctness of Monsanto is not at issue today. Petitioner Sila Luis has not asked this Court either to overrule or to modify that decision; she argues only that it does not answer the question presented here. And because Luis takes Monsanto as a given, the Court must do so as well.
On that basis, I agree with the principal dissent that Monsanto controls this case. See ante, at 1105 - 1106 (opinion of KENNEDY, J.). Because the Government has established probable cause to believe that it will eventually recover Luis's assets, she has no right to use them to pay an attorney. See Monsanto, 491 U.S., at 616, 109 S.Ct. 2657 ("[N]o constitutional violation occurs when, after probable cause is adequately established, the Government obtains an order barring a defendant from ... dissipating his assets prior to trial").
The plurality reaches a contrary result only by differentiating between the direct fruits of criminal activity and substitute assets that become subject to forfeiture when the defendant has run through those proceeds. See ante, at 1089 - 1090. But as the principal dissent shows, the Government's and the defendant's respective legal interests in those two kinds of property, prior to a judgment of guilt, are exactly the same: The defendant maintains ownership of either type, with the Government holding only a contingent interest. See ante, at 1060 - 1092. Indeed, the plurality's use of the word "tainted," to describe assets at the pre-conviction stage, makes an unwarranted assumption about the defendant's guilt. See ante, at 1093 - 1094 (characterizing such assets as, for example, "robber's loot"). Because the Government has not yet shown that the defendant committed the crime charged, it also has not *1113 shown that allegedly tainted assets are actually so.
And given that money is fungible, the plurality's approach leads to utterly arbitrary distinctions as among criminal defendants who are in fact guilty. See ante, at 1108 - 1109 (opinion of KENNEDY, J.). The thief who immediately dissipates his ill-gotten gains and thereby preserves his other assets is no more deserving of chosen counsel than the one who spends those two pots of money in reverse order. Yet the plurality would enable only the first defendant, and not the second, to hire the lawyer he wants. I cannot believe the Sixth Amendment draws that irrational line, much as I sympathize with the plurality's effort to cabin Monsanto . Accordingly, I would affirm the judgment below.